[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Harriet Harwood, a/k/a Harriet Schwarz, owns real property at 133 Fillow Street, Norwalk. The plaintiff alleges in her complaint that the defendant, Northeast Utilities Service Company, entered upon her land and cut down and severely trimmed a number of valuable trees. The plaintiff seeks as damages three times the value of her trees as authorized by General Statutes § 52-560.[1]
The defendant filed a special defense that any entrance on the plaintiff's property was "privileged" because of "necessity" and was based on an "easement" given to the defendant. The case was tried to the court and the ultimate conclusion is that the defendant is liable to respond in damages to the plaintiff.
The plaintiff lives on a wooded piece of property in Norwalk which is over three acres and was described as one of the largest pieces of single-family properties in that city. The plaintiffs property is subject to an easement over a small: area at the northerly corner of the property granted to Connecticut Light Power Company, a subsidiary of the defendant corporation, dated May 2, 1927, and recorded in the Norwalk Land Records, volume 207 at page 293. This easement is eighty feet wide and allows the defendant to maintain poles, towers and wires for the transmission of electric current. The defendant is given the right to trim, cut and remove such trees, limbs, branches and underbrush within the easement area "as in the judgment of the [defendant] may interfere with or endanger said poles, towers and wires, or their operation."
In early October, 1996, the defendant employed Lewis Tree Service of Rochester, New York, to clear trees from around power lines distributing CT Page 9579 345,000 volts of electricity in the vicinity of the plaintiff's home. The defendant claims that only four trees that were dying and endangering the power lines were cut down and they were all located with the defendant's right of way or easement. The plaintiff contends that at least twelve conifers were either cut down or shaved by cuffing off every branch and that a majority of these trees were located on the part of the plaintiff's property not subject to the defendant's easement.
There are no poles or towers located on the plaintiffs property, but electric wires cross overhead. There was credible testimony, however, that the wires are approximately 100 feet high whereas the tallest tree that was cut down was about 60 feet. In terms of the plaintiffs allegation that the defendant went beyond its easement area and cut down other trees outside that area, the defendant argues that the plaintiff was not sure where the easement started. The plaintiff did not have an exact survey line or markers on the ground indicating the beginning of the utility easement area, but she did know that the easement was underneath and wider than the width of the overhead wires. The plaintiff was reasonably sure, although not certain, that several trees outside the easement area were cut down.
The determination of the exact border line of the easement is not essential in the court's view because there was no need to cut down a 60 foot high tree on the theory that it would interfere with a 100 foot high wire. Some of the trees were substantially lower that the 60 foot trees. The defendant hired its tree cutters on an eight year cycle instead of coming periodically to see whether the trees had grown so high to threaten the overhead electric wires. Cutting down these trees is not a reasonable use of the dominant estate's easement. "The use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit." (Citations omitted; internal quotation marks omitted.) Karas v. Kope, 205 Conn. 332, 341,533 A.2d 1202 (1987). Hence, the defendant is liable to the plaintiff under General Statutes § 52-560.
Whether within the easement or outside it, the defendant cut down at least ten trees. The reasonable value of these trees, according to credible evidence presented by an officer of Young's Nurseries in Wilton, is $21,949.[2] As noted previously, trebling damages is warranted unless the defendant simply made a "mistake" and its conduct was not deliberate. There is no reason to treble damages in this case. The defendant was not any more certain of the location of its easement than was the plaintiff, and hence mistakenly came over on to the plaintiffs other property. As far as the trees within the easement area itself, again there was a mistake in cuffing down the 60 foot trees to protect much higher wires, but it does not constitute deliberate or CT Page 9580 intentional misconduct.
Accordingly, the plaintiff is entitled to recover $21,949.[3] The clerk of this court shall tax costs in favor of the plaintiff in accordance with General Statutes § 52-257 and Practice Book §18-5.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of July, 2001.
 ___________________ WILLIAM B. LEWIS JUDGE TRIAL REFEREE